UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MVT SERVICES, LLC d/b/a/ MESILLA
VALLEY TRANSPORTATION,

    Plaintiff,

v.                                                                           Civ. No. 18-1128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

    Defendant,

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative, Motion to Transfer Venue" [ECF 12] ("Motion"). The Motion is fully briefed. *See* ECFs 12, 15, 20. After careful consideration of the pertinent law and the briefing, the Court will DENY the Motion in its entirety. For the reasons discussed below, the Court concludes that venue in the District of New Mexico is proper and that Defendant has failed to show that this District is an inconvenient forum.

### I. BACKGROUND

This lawsuit stems from a declaratory judgment action filed in the El Paso Division of the United States District Court for the Western District of Texas. There, Plaintiff sought to enforce its rights under a worker's compensation and employer's liability policy. Specifically, Plaintiff alleged that Defendant failed to defend Plaintiff, as required by the policy, against a pending liability claim. Ultimately, the parties agreed that Plaintiff was entitled to Defendant's coverage and, per the parties' stipulation, the case was dismissed with prejudice.

As a result of this agreement, Plaintiff moved to adjudicate the pending liability claim under the Texas Workers Compensation Statute, which would have obliged Defendant to defend and indemnify Plaintiff. A Texas state trial court, however, denied Plaintiff's motion, forcing

Plaintiff to instead proceed under a tort theory of liability. Plaintiff ultimately settled the underlying liability claim for $1 million.

This turn of events resulted in Plaintiff filing the instant lawsuit. Plaintiff alleges that had Defendant initially "accepted coverage of the [liability claim] at the time of [Plaintiff's] tender, [Defendant] could have invoked the exclusive remedy of workers' compensation benefits" rather than allowing the claim to proceed under a tort theory. Compl. 7, ECF 1. Moreover, Plaintiff alleges this failure contributed to it settling the lawsuit for $500,000 more than the policy's deductible and also forced it to incur considerable defense costs—costs that Defendant has refused to reimburse. *Id*. Plaintiff asserts that Defendant's conduct breached the underlying insurance policy and violated Texas statutory law relating to insurance practices.

Defendant has not filed an answer addressing these allegations. Rather, Defendant has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, to transfer venue for convenience purposes under 28 U.S.C. § 1404(a).

## II. SUMMARY OF ARGUMENTS

Defendant first contends that the District of New Mexico is an improper venue under 28 U.S.C. § 1391(b)(1) and (2). Specifically, Defendant argues that it does not "reside" in this district for purposes of § 1391(b)(1) and that, under § 1391(b)(2), a substantial part of the events or omissions underlying the lawsuit occurred in the Western District of Texas. Mot. 3-4. As a result, Defendant argues this Court must dismiss this case or, in the interest of justice, transfer venue to the Western District of Texas pursuant to 28 U.S.C. § 1406. *Id*. at 4. Alternatively, in the event this Court finds the District of New Mexico to be a proper forum, Defendant nevertheless argues that this venue is inconvenient and requests a transfer under 28 U.S.C. § 1404(a). Mot. 5, 7.

Plaintiff challenges Defendant's interpretation of the governing venue statute and its conclusion that venue is improper. Resp. 3-4. Specifically, Plaintiff argues that whether a corporate defendant "resides" in a district is not solely determined by its state of incorporation or where it maintains its principal place of business, but also by where the corporate defendant is subject to a court's personal jurisdiction. *Id*. To that end, Plaintiff asserts that Defendant is subject to this Court's personal jurisdiction. *Id*.

Additionally, Plaintiff emphasizes that a substantial part of the events or omissions underlying this lawsuit took place in New Mexico, making this district a proper venue. *Id*. at 5. Consequently, Plaintiff argues, venue is proper and a § 1406 dismissal or transfer would be inappropriate. Plaintiff finishes by contending that Defendant has not carried its burden under § 1404(a) and, therefore, is not entitled to a convenience transfer. *Id*. at 7-11.

## III. LEGAL STANDARDS

### A. VENUE

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3); *see Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013). "This question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Id*. at 55. That section "govern[s] the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391. A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b)(1)-(3). For the purpose of this section, "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1). And importantly, an "entity with the capacity to sue and be sued . . . whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business." § 1391(c)(2).

To cure a defect in venue, a district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

### B. TRANSFER OF VENUE

Under the transfer statute, "a district court may transfer a civil action to any another district or division where it might have been brought" when it is "[f]or the convenience of [the] parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Stephens v. Alliant Techsystems Corp.*, 714 Fed. App'x 841, 845 (10th Cir. 2017) (unpublished). Courts are granted considerable discretion in making this determination. *Id*. (citing *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121 (10th Cir. 2003) ("This court will not overturn [a transfer] decision unless it was a clear abuse of discretion.")). A court weighs the following "discretionary factors" to determine whether to grant a motion to transfer pursuant to 28 U.S.C. § 1404(a):

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of

the existence of questions arising in the area of conflict of laws; [8] the advantage of
having a local court determine questions of local law; and [9] all other considerations
of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The burden of establishing inconvenience rests with the moving party. *Id.*; *see also Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (moving party bears burden). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co.,* 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 966).

IV.  ANALYSIS

Defendant's Motion presents the Court with a straightforward analytical framework: (a) is venue proper in this district under 28 U.S.C. § 1391; (b) if not, what is the proper remedy under 28 U.S.C. § 1406; and (c) if venue is proper, does justice nonetheless demand under 28 U.S.C. § 1404(a) that the Court transfer venue to its neighboring district? The Court addresses these questions in turn.

A.  VENUE

Defendant asserts that it does not "reside" in New Mexico for § 1391(b)(1) purposes because it is neither incorporated here nor keeps its principal place of business here. Mot. 6-7. This assertion may be true as far as it goes, but it stops short of providing the Court with all the information it needs. As Plaintiff has correctly stated, the standard for determining whether a corporation is subject to a court's general jurisdiction, i.e., state of incorporation and principal

place of business, is not the complete test for answering the separate question of whether a corporation "resides" in a district for venue purposes.[1]

For reasons of which the Court is unaware, Defendant did not address the applicability of 28 U.S.C. § 1391(c)(2). That omission is puzzling, for § 1391(c)(2) explicitly defines when a corporation "resides" within a district. Under this section, a corporate defendant "reside[s] . . . in any judicial district in which such defendant is subject to the court's *personal jurisdiction* with respect to the civil action in question[.]" § 1391(c)(2) (emphasis added). It is well-settled that personal jurisdiction includes two categories, general *and* specific. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) (discussing Supreme Court's personal jurisdiction jurisprudence). Therefore, under § 1391(b)(1), a corporate defendant resides—and thus venue is proper—in any district court that can exercise general or specific jurisdiction over that entity. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 57 (2013) (observing that "so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere," and "venue is proper so long as the requirements of § 1391(b) are met"). Accordingly, the District of New Mexico is a proper venue if Defendant is subject to this Court's personal jurisdiction.[2]

The answer to that question requires little analysis because Defendant has not challenged personal jurisdiction and has now waived the right to do so. Federal Rule of Civil Procedure 12(b)(2) requires a party alleging the lack of personal jurisdiction to raise that defense either in its responsive pleading or in a motion filed in lieu of its responsive pleading. *See* Fed. R. Civ. P. 12(b)(2). If that party files a Rule 12(b) motion in lieu of its responsive pleading but does *not* raise

---

[1] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (paradigm forum for exercise of general jurisdiction over a corporation is the state of incorporation and principal place of business).

[2] *See also* John P. Lenich, A Simple Question that Isn't so Simple: Where do Entities Reside for Venue Purposes?, 84 Miss. L.J. 302-08 (2015).

lack of personal jurisdiction, Rule 12(h)(1)(A) provides that this party has waived its right to do so. Fed. R. Civ. P. 12(h)(1)(A) ("[a] party waives any defense listed in Rule (b)(2)-(5) by . . . omitting it from a [pre-answer] motion."); *see also Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1236 (10th Cir. 2016) (defendant waived personal jurisdiction under Rule 12(h) & (g)). And a party ordinarily is not permitted to cure its omission by filing a second Rule 12(b) motion. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Moreover, the raising of one objection under Rule 12(b)—here venue—does not raise or preserve additional defenses. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Citing one Rule 12(b) defense in the hope that it will sufficiently raise another defense is not permissible.").[3]

Here, Defendant filed the instant motion under Rule 12(b)(3) challenging improper venue. In so doing, however, Defendant did not also raise the defense of lack of personal jurisdiction that was available to it under Rule 12(b)(2). As set forth above, Defendant has now waived that defense and, by operation of law, is subject to this Court's personal jurisdiction.[4]

Accordingly, because venue is proper under § 1391(b)(1) in any district where Defendant resides and because a corporate defendant resides under § 1391(c)(2) in any district in which it is

---

[3] *See also id.* ("This construction of Rule 12(b) has been adopted by the majority of our sister circuits. *See e.g. American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (holding that defendant waived objection to personal jurisdiction when he only raised improper service of process in his first filing to the court); *Roque v. United States*, 857 F.2d 20, 21–22 (1st Cir. 1988) (noting that 'Rule 12(b) distinguishes between the defenses of lack of personal [jurisdiction] and insufficient service of process' and that '[i]f the true objection is insufficient service of process, we do not think it is too much to require a litigant to plainly say so' rather than invoking an objection to personal jurisdiction).").

[4] Even though Plaintiff contends that Defendant has sufficient minimum contacts for a finding of personal jurisdiction in this District, *see* ECF 15, this Court need not undertake such an inquiry.

subject to a court's personal jurisdiction, the Court concludes that venue in this case is proper in the District of New Mexico because Defendant is subject to this Court's personal jurisdiction.[5]

### B. 28 U.S.C. § 1406(a)

Section 1406(a) allows a court to cure a venue defect by "dismiss[ing] [the case], or if it be in the interest of justice, transfer[ring] such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."). The applicability, however, of this section requires a finding of improper venue and, without such a defect, a court cannot initiate a transfer or dismiss the case pursuant to it. *See, e.g.*, *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1368 n.1 (11th Cir. 2003) (concluding that relief under § 1406 only proper when venue wrong at inception). Consequently, because the case is properly venued in New Mexico, Defendant is not entitled to seek relief under 28 U.S.C. § 1406(a).

### C. Convenience Transfer

Alternatively, Defendant requests that this Court transfer this case pursuant to 28 U.S.C. § 1404(a). In doing so, Defendant recites the list of factors the Court is to consider but fails to meaningfully analyze them, even to the extent of advocating whether they weigh in favor or against a transfer. *See* Mot. 5-6. For its part, however, Plaintiff does analyze why each factor weighs against transferring this case to the Western District of Texas. For the following reasons, this Court concludes that Defendant has failed to establish that the District of New Mexico is an inconvenient forum.

---

[5] As a result of this conclusion, the Court need not address whether venue is also proper under 28 U.S.C. § 1391(b)(2).

When considering a transfer under § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co.*, 571 U.S. at 62. As set forth *supra* at 4-5, the nine discretionary factors the Court considers are: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Bartile Roofs, Inc.*, 618 F.3d at 1167.[6]

Here, Defendant has confined its analysis to only three of the nine factors. Therefore, this Court will only address those three factors and explain why they do not move the needle in favor of transfer. The Court will further infer from Defendant's silence that the remaining factors militate against transfer.

### 1. Conflict of Laws and Local Court Advantage

Defendant contends that "[c]onflicts of law issues and Plaintiffs' [sic] assertion of Texas causes of action pose the issue of the advantage of a Texas court determining issues of local law, which necessarily and inherently renders trial more fluid, coherent, expeditious, and, thus economical for all parties." Mot. 8. While it is true that "in a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law," this factor carries less weight when the case involves "relative[ly] simpl[e]" legal issues. *Bartile*

---

[6] It is worth remembering that Defendant as the movant bears the burden of convincing the Court of the propriety of a transfer based on convenience. *Bartile Roofs, Inc.*, 618 F.3d at 1167.

*Roofs, Inc.*, 618 F.3d at 1169 (quoting *Scheidt*, 956 F.2d at 966 (classifying a breach of contract claim as a relatively simple legal issue) (citing *Tex. E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567–68 (10th Cir. 1978))). Additionally, this factor is of only minor significance because "federal judges are qualified to apply state law." *Id.* (citation omitted).

In its complaint, Plaintiff has alleged claims for breach of contract and a violation of the Texas Insurance Code, and also seeks attorney fees under the Texas Civil Practice and Remedies Code. Compl. 7-10. Defendant has failed to sufficiently explain to the Court why these issues of Texas statutory law are so novel, complicated, or nuanced as to warrant a transfer. Having applied state law from other states before, the Court is confident it can also do so here, particularly with the benefit of the education the Court expects to gain from the parties' briefing on the various issues. Without more than Defendant has proffered, this Court cannot find that these two factors— while weighing slightly in favor of transfer—tip the scale in favor of transfer. Indeed, these two factors fade in significance compared to the two predominant factors that are the plaintiff's choice of forum and the convenience of the witnesses.[7]

### 2. Additional Considerations

The last of the *Bartile Roofs* factors are those that would make litigation more "easy, expeditious, and economical" in the requested forum. *Bartile Roofs, Inc.*, 618 F.3d at 1167 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). Defendant argues that because this lawsuit has a strong Texas flavor (i.e., the now-dismissed

---

[7] Here, Plaintiff is a New Mexico corporation and "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Wm. A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *see Tex. E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d at 567 (stating that plaintiff's choice of forum receives "considerable weight"). Moreover, Defendant fails to address how any witness would be inconvenienced by the forty-six miles that separate the U.S. District Court in El Paso from this courthouse. This disregard of "the most important factor in deciding a motion under § 1404(a)" is detrimental to Defendant's Motion. *Bartile Roofs, Inc.*, 618 F.3d at 1169.

declaratory judgment action was filed in Texas and the underlying insurance policy covered Texas), it must follow that allowing a Texas court to determine issues of local law "necessarily and inherently [would] render[] trial more fluid, coherent, expeditious, and, thus, economical for all parties." Mot. 8. The Court respectfully disagrees with that proposition.

Although Defendant correctly notes that Plaintiff filed the earlier declaratory judgment action in the Western District of Texas, the Court observes that that case was dismissed over three years ago and does not bear on the instant suit's efficiency. Nor does this Court agree that a court forty-six miles away can apply Texas statutory law in a manner so much more expedient as to justify a transfer away from this district. Defendant also does not explain why moving this case forty-six miles away would make litigation easier and more economical for the parties. Therefore, this Court finds that no practical considerations would make litigation in Western Texas so much more easy, expeditious, or economical as to cause this Court to transfer this case there.

### 3. Summary

In its analysis, Defendant addressed only three of the nine factors while completely disregarding the weightiest ones, including Plaintiff's choice of forum and the convenience of the witnesses. The three factors that Defendant did address were supported by conclusory arguments that do not either individually or in combination justify a transfer for "the convenience of parties and witnesses" or "in the interest of justice." Consequently, this Court concludes that Defendant has not carried its burden to show that the District of New Mexico is an inconvenient forum.

## VII. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion [ECF 12], is **DENIED** in its entirety.

11

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*