# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MVT SERVICES, LLC,

        Plaintiff,

                                                                                  No. 2:18-cv-01128-GJF-KRS

v.

GREAT WEST CASUALTY COMPANY,

        Defendant.

## ORDER GRANTING IN PART MOTION FOR LEAVE TO DESIGNATE POSTTRIAL EXPERT

**THIS MATTER** comes before the Court on Plaintiff MVT Services, LLC's motion for leave to designate a posttrial expert to opine on the reasonableness and necessity of attorneys' fees it incurred in this lawsuit. (Doc. 66). In response, Defendant Great West Casualty Company maintains that MVT failed to meet the expert-disclosure deadline and, accordingly, the Court must deny the motion. (Doc. 75). It is undisputed that MVT did not disclose an attorneys-fees' expert on or before January 28, 2020 as the Court's scheduling order provided. (Doc. 34). The Court has considered the parties' submissions along with the record and grants in part MVT's motion.

    "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" in accordance with the Court's scheduling order. Fed. R. Civ. P. 26(a)(2)(A). Typically, a party's failure to disclose an expert witness requires the court to exclude the expert's testimony unless the failure was justified or was harmless under the circumstances. Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 951-52 (10th Cir. 2002). The justification/harmlessness analysis, in turn, asks the Court to weigh (1) the prejudice or surprise to the party against whom the testimony is

offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

In this case, the Court is not convinced that designation was required under Rule 26.  By its plain language, the expert-disclosure obligation applies to "witnesses" a party "may use at trial." Fed. R. Civ P. 26(a)(2).  From the representations of the parties, the expert in question will not testify at trial and therefore falls outside the ambit of disclosure under Rule 26.  In any event, the Court would exercise its discretion to allow late disclosure.  While there may have been initial surprise by MVT's designation, there does not appear to be any bad faith or discernable prejudice at this stage in the litigation.

MVT raised the omission of its expert in correspondence to Great West within a week after learning Great West had designated a posttrial expert on attorneys' fees.  Moreover, the law is by no means settled that disclosure was necessary in the first place; malintent, therefore, is difficult to infer.  Most significantly, there is presently no trial scheduled and it is unclear when a jury trial could be scheduled in light of ongoing concerns over COVID-19.  As a result, the Court is in a position to alleviate any prejudice by amending the scheduling order and permitting Great West an opportunity to depose MVT's expert and leave to retain a new expert or allow Great West an opportunity to supplement its expert designation.  In sum, considering the *Woodworkers* factors as a guide, MVT's request for leave should be granted under the circumstances.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for leave to designate a posttrial expert on attorneys' fees (Doc. 66) is **GRANTED in part**.  Plaintiff is granted leave to designate a posttrial expert on attorneys' fees and, on or before **May 29, 2020** shall disclose the expert in the form Rule 26 requires of trial experts.

**IT IS FURTHER ORDERED** that Defendant may amend its expert disclosures on or before **July 10, 2020** to respond to Plaintiff's designation.

**IT IS FURTHER ORDERED** that he scheduling order is **AMENDED** to allow for depositions of the parties' respective experts on attorneys' fees, with those depositions to occur before **September 1, 2020**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE