**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MVT SERVICES, LLC d/b/a/ MESILLA
VALLEY TRANSPORTATION,

      Plaintiff,

v.                                          Civ. No. 18-1128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

      Defendant,

**ORDER ALLOWING EXPERT REPORT ON ATTORNEYS' FEES**

THIS MATTER is before the Court on MVT's "Motion for Leave to Provide Expert Report on Fees After Trial" [ECF 95] ("Motion"). The Motion is fully briefed.[1] For the reasons set forth below, the Court will grant the Motion in part and deny it in part.

## I.   BACKGROUND

The Court's scheduling order set MVT's expert disclosure deadline for January 28, 2020. ECF 34 at 2. MVT did not disclose any fee experts before this deadline expired. Instead, on March 10, 2020, MVT sought leave to designate a post-trial expert to opine on the "reasonableness and necessity" of the attorneys' fees that MVT has incurred in this lawsuit. ECF 66. MVT contended that such evidence would only be introduced "through a *post-trial* motion under Federal Rule of Civil Procedure 54(d)(2)(B)—and not "at trial" under Rule 26(a)(2)(A). *Id.* at 3 (emphasis in original). On May 8, 2020, the Court granted MVT's request as follows:

> [T]he Court is not convinced that [the disclosure of a post-trial expert on attorneys' fees] was required under Rule 26. By its plain language, the expert-disclosure obligation applies to "witnesses" a party "may use at trial." Fed. R. Civ P. 26(a)(2).

---

[1] *See* ECF 98 (Great West's response). Although MVT did not file a reply, the Court considers the matter to be fully briefed because (1) more than fourteen calendar days have elapsed since Great West's response was filed and (2) MVT did not obtain an extension of time to file a reply. D.N.M.LR-Civ. 7.4(a). Furthermore, "to ensure that the Court d[id] not decide an issue that has been overcome by intervening events, the Court [sought] the parties' views as to whether the instant motion remains ripe for judicial decision," ECF 175 at 1, and the parties confirmed that the Motion remains ripe. ECF 179 at 1.

From the representations of the parties, the expert in question will not testify at trial and therefore falls outside the ambit of disclosure under Rule 26. In any event, the Court would exercise its discretion to allow late disclosure. While there may have been initial surprise by MVT's designation, there does not appear to be any bad faith or discernable prejudice at this stage in the litigation.

MVT raised the omission of its expert in correspondence to Great West within a week after learning Great West had designated a posttrial expert on attorneys' fees. Moreover, the law is by no means settled that disclosure was necessary in the first place . . . . Most significantly, there is presently no trial scheduled . . . . As a result, the Court is in a position to alleviate any prejudice by amending the scheduling order and permitting Great West an opportunity to depose MVT's expert and leave to retain a new expert or allow Great West an opportunity to supplement its expert designation.

ECF 93 at 1-2. Consequently, the Court allowed MVT to disclose a post-trial expert on attorneys' fees by May 29, 2020—but required the disclosure to be "in the form Rule 26 requires of trial experts." *Id.* at 2. (In addition, the Court allowed (1) Great West to "amend its expert disclosures on or before July 10, 2020 to respond to MVT's designation" and (2) the parties to depose these experts by September 1, 2020. *Id.* at 3.).

Although MVT timely designated its post-trial expert on attorneys' fees, it did not do so "in the form Rule 26 requires of trial experts"—as the designation was not "accompanied by a written report," Fed. R. Civ. P. 26(a)(2)(B). *See* ECF 96. Instead, one week before designating this expert, MVT filed the instant Motion, requesting that the Court "order that MVT need not submit a written expert report on [attorneys'] fees until the conclusion of the litigation." ECF 95 at 4.

## II.  PARTIES' ARGUMENTS

MVT reasons that because it continues to incur attorneys' fees, "an expert cannot realistically provide a report on the reasonableness and necessity of [such fees] without having to create multiple reports [e.g., a report and a supplemental report]." *Id.* at 2-4. MVT also asserts

that this expert should not be deposed until "the conclusion of the case when [his] opinion is final." *Id.* at 3.

In response, Great West argues that by not disclosing a written expert report, MVT "deprive[d] Great West of the opportunity to evaluate and consider [the expert's] opinions and [to determine] whether to supplement or amend its expert disclosures."  ECF 98 at 2.  Consequently, Great West requests that the Court either (1) "deny, *in toto*, Plaintiff's Motion" or (2) "in the alternative, grant Great West [] an extension of time to designate, by amendment or supplement, its expert(s) on attorneys' fees until thirty (30) days following the receipt of Plaintiff's expert's report on attorneys' fees."  *Id.* at 5.

## III.  DISCUSSION

The Court has substantial discretion to fashion remedies to resolve disputes like the one now before it.  Although the Court understands MVT's motivation to avoid the burden and expense of producing an expert's reports in multiple iterations, the Court also sees the merit in Great West's desire to explore sooner than later the opinions of its adversary's fee expert, the bases of the opinions, and the methodologies used in arriving at them.  This litigation is now well into its third year and arises from an insurance dispute born back in 2013, a chronology all but guaranteeing that the majority of fees to be claimed by MVT have already been incurred.  So MVT's fee expert has a lot of raw material to work with and his preliminary report will doubtless represent the lion's share of his opinions, making the post-trial supplemental report substantially easier and shorter.  Although such a report may not be "final" (as attorneys' fees are still accruing and cannot be predicted with 100 percent accuracy), such a report at this stage will still provide Great West "the opportunity to evaluate and consider [the expert's] opinions and [to determine] whether to supplement or amend its expert disclosures."  ECF 98 at 2.  Furthermore, the Court is not persuaded

of the wisdom in prolonging the "post-litigation litigation," *see* ECF 95 at 4, simply to spare the expert the effort of supplementing his report with updated numbers.

Given Great West's ongoing duty to supplement or amend in certain circumstances its own expert's report, given the important role that fees potentially recoverable here may play in evaluating the parties' respective risks, and given the Court's interest in efficiently managing the remainder of this litigation, the Court will exercise its discretion to require MVT to produce a preliminary report "in the form Rule 26 requires of trial experts," ECF 93 at 2, which memorializes the expert's opinions with respect to fees incurred through March 31, 2021.  If MVT prevails at trial on any claim for which fees are recoverable, the Court will require MVT to disclose a supplemental report fourteen days after trial is concluded.  In turn, the Court will require Great West to amend or supplement its own expert's opinions, if necessary, within thirty days after receipt of MVT's preliminary report and again fourteen days after receipt of MVT's post-trial report.[2]

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that MVT's Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) MVT's Motion is **GRANTED** in that MVT may still submit an expert report on attorneys' fees, despite not having done so by the previous deadline of May 29, 2020.

(2) MVT's Motion is **DENIED** to the extent that MVT requests that it be excused from having to disclose any expert's fee report prior to trial.  Instead, MVT shall disclose **no later than April 30, 2021,** its fee expert's preliminary report on attorney's fees incurred by MVT through March 31, 2021.  Great West thereafter shall disclose any amended or supplemental fee expert report not later than **May 28, 2021**.  If MVT prevails on any claim(s) for which its fees are recoverable, MVT will disclose a supplemental fee report not later than fourteen

---

[2] In addition, the Court will require any depositions of the fee experts to be completed not later than July 30, 2021.

(14) days after the conclusion of trial.  Great West will have fourteen (14) days after receipt of MVT's final report to produce its own final report, to the extent that such a report was necessary.

(3) IT IS FURTHER ORDERED that the parties shall depose the fee experts not later than **July 30, 2021**.

**SO ORDERED.**

**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**
*Presiding by Consent*