IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MVT SERVICES, LLC, doing business as
Mesilla Valley Transportation,

       Plaintiff,

v.                                                              No. 2:18-cv-01128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

       Defendant.

## ORDER GRANTING IN PART MOTIONS TO COMPEL

THIS MATTER is before the Court on Defendant's Motions to Compel and/or in the Alternative, Motions to Enforce Subpoenas Duces Tecum ("Motions to Compel"), (Docs. 166 and 168), filed January 21, 2021.  Plaintiff filed responses to the Motions to Compel on February 4, 2021, (Docs. 176, 177), and Defendant filed replies on February 25, 2021, (Docs. 184, 185). Having considered the parties' briefing, the record of the case, and relevant law, the Court will grant in part the Motions to Compel.

**I.    Background**

This case arises from an accident resulting in the deaths of two of Plaintiff's employees on September 15, 2013, and the lawsuit brought by the family of one of the deceased employees (the *Parada* lawsuit).  The long history of this case spans four lawsuits in state and federal courts in Texas and New Mexico.  This history is thoroughly summarized in the presiding judge's Memorandum Opinion and Order on Plaintiff's Motion for Summary Judgment, (Doc. 100), and the Court will not restate it in full here.  Relevant to the motions before the Court, this case raises the issue of whether Defendant breached its insurance policy with Plaintiff and violated Texas statutory law by initially denying coverage on the basis that the insurance policy had expired the day before the accident. (Doc. 100) at 5.  Plaintiff claims Defendant's breach forced Plaintiff to

pay the deductible on a secondary insurance policy issued by Crum and Forster ("C&F"), its own money in settling claims, and defense costs. Importantly, the coverage offered by Defendant's policy, but not by the C&F policy, was a workers compensation policy that would have permitted Plaintiff to invoke Texas Labor Code Ann. § 408.001(a), which generally limits recovery of an injured employee to workers compensation benefits. *Id.* at 2. As a result, Plaintiff claims it faced higher litigation exposure which, in turn, led to Plaintiff paying more to settle the claims in the *Parada* lawsuit.

Defendant, however, claims that Plaintiff withdrew its tender of the lawsuit to Defendant and did not re-tender it until May 2015. *Id.* at 7. Defendant alleges Plaintiff could have invoked the workers compensation recovery limitation on its own, but Plaintiff chose not to do so because it did not want to pay the policy premium to Defendant. *Id.* at 8. Defendant also asserts that because the *Parada* litigation involved claims of gross negligence that would not have been included in a workers compensation action, Plaintiff would have still faced tort exposure in the *Parada* suit regardless of Defendant's coverage. Therefore, Defendant claims Plaintiff would have invoked the C&F policy to cover that risk even if Defendant had not denied coverage.

The presiding judge has held that the undisputed facts demonstrate: (1) Defendant's duty to defend arose on October 28, 2013 (the date Plaintiff tendered the *Parada* lawsuit); (2) Plaintiff did not withdraw its tender; and (3) Defendant erroneously denied coverage on December 10, 2013. *Id.* at 25-38. Therefore, the court concluded as a matter of law that on December 10, 2013, Defendant breached its duty to defend under the workers compensation policy. *Id.* at 38. The presiding judge further held that Defendant is collaterally estopped from making any claim to the contrary and that res judicata does not bar Plaintiff from pursing its claims in this lawsuit. *Id.* at 25-34.

Accordingly, the remaining issue in this case is whether Plaintiff is entitled to the damages it seeks, which are: (1) the $250,000 deductible Plaintiff paid to C&F to invoke coverage under that secondary policy; (2) $250,000 of Plaintiff's own money that it contributed toward the settlement of the *Parada* lawsuit; and (3) $41,476.84 Plaintiff paid to counsel Steven Blanco to assist in the *Parada* lawsuit. *Id.* at 38. The court held there is a factual dispute regarding whether Plaintiff could have invoked the workers compensation exposure limit earlier in the case, and whether the *Parada* plaintiffs' recovery would have been limited to the workers compensation limit despite the gross negligence claim. Therefore, a jury will need to decide whether Defendant's breach "irrevocably denied MVT its choice-of-forum and thereby raised the stakes of the *Parada* lawsuit so high as to cause MVT to pay $500,000 that it otherwise would not have," and whether "the gross negligence claim posed no threat whatsoever to MVT." *Id.* at 41-42.

As for Mr. Blanco's fees, the presiding judge concluded that Plaintiff "is entitled to damages in the amount of those fees [it] can prove at trial were related to Blanco's direct participation in the *Parada* tort defense." *Id.* at 38, 43. Because questions of fact exist as to the reasonableness of Mr. Blanco's fees, it will be up to a jury to determine the amount of those fees to award. *Id.* at 45. The presiding judge also held that Defendant must pay an additional 18% interest on the final amount awarded for Mr. Blanco's fees pursuant to Chapter 542 of the Texas Insurance Code. *Id.* at 48.

## II.     Discussion

In its first Motion to Compel, Defendant asks the Court to overrule Plaintiff's objections to depositions and subpoenas duces tecum issued to Dean Rigg, Steven Blanco, Todd Silberman, and Robert Skipworth, and order those parties to fully comply with the subpoenas served on them and sit for depositions. (Doc. 166) at 17. Defendant states that these deponents were

noticed as fact and corporate witnesses. Specifically, Defendant states that Mr. Blanco and Mr. Skipworth "acted as independent contractors and outside counsel to Plaintiff," Mr. Silberman was Plaintiff's in-house counsel at the time of the *Parada* lawsuit, and Mr. Rigg is Plaintiff's Chief Financial Officer. *Id.* at 7, n.7. In its second Motion to Compel, Defendant asks for much of the relief requested in its first Motion to Compel and also asks the Court to order Steven Blanco to produce his full, complete, and unredacted files from the *Parada* lawsuit. (Doc. 168) at 8.

### A. Compliance with the Court's Local Rules

On September 24, 2020, the Court entered a *sua sponte* Order instructing the parties to cease filing "Notices of Intention to Take Depositions and Serve Subpoenas," objections to those notices, and responses to the objections. (Doc. 143) (noting the improper filing of Documents 109, 110, 111, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 135, and 140). The Court explained that its Local Rules prohibit these types of filings unless they are the basis for a motion to compel or response to a motion to compel. Defendant has nevertheless continued to file notices of intention to take depositions and both parties have been filing proofs of service of deposition notices and objections thereto. *See* (Docs. 146, 147, 151, 152, 153, 156, 161, 162, 163, 164, 182, 188).

The Court once again directs the parties to the Court's Local Rules regarding court filings. Notices of depositions are not to be filed unless they are the basis for a motion to compel, and certificates of service are only to be filed for interrogatories, requests for production, requests for admission, responses to discovery requests, initial disclosures, and expert witness reports. *See* D.N.M. LR-Civ. 26.2 and 30.1. The Court's Local Rules also require a party seeking relief in a motion to compel to attach to the motion a copy of the relevant discovery request and objection. D.N.M. LR-Civ.. 37.1. Here, instead of attaching a copy of the

relevant discovery requests and objections, the parties refer to various documents in the record when discussing their discovery requests and objections.  The Court will not search the docket for those documents unless they are clearly cited to in the parties' briefing.  Moreover, it is a better practice to attach and clearly mark the disputed discovery requests and objections as an exhibit to a motion, response, or reply.

Additionally, the parties' attach thousands of pages of exhibits to their briefing on the Motions to Compel but fail to identify or clearly mark the relevant portions.  Local Rule 10.5 states: "A party may file only those pages of an exhibit which are to be brought to the Court's attention."  Local Rule 10.6 provides: "The portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining."  The Court will not search through the parties' exhibits to try to find the relevant portions.  In future filings, the parties shall consult their local counsel and take care to comply with the Courts' Local Rules.

**B. Timeliness of the Motions to Compel**

Defendant seeks Plaintiff's compliance with notices of depositions and subpoenas duces tecum served on Dean Rigg, Steven Blanco, Todd Silberman, and Robert Skipworth as both fact witnesses and corporate representatives.  (Doc. 166) at 2-3 (citing to Docs. 114, 120, 121, 123, 132, 135, 146, 147) (noting that one of the witnesses, Luis Garcia, recently passed away and Mr. Blanco has been designated as a corporate representative on the issues attributed to Mr. Garcia).  These notices and subpoenas were served between August 28, 2020 and September 22, 2020.  *Id.*  Plaintiff filed objections to the notices/subpoenas on September 11, 2020.  (Docs. 124, 125, 126, 127, 128).  The parties held Mr. Blanco's deposition on September 24, 2020, but it was recessed for the parties to confer on issues relating to production of Mr. Blanco's *Parada* file.  (Doc. 166) at 3.  Defendant filed its Motions to Compel approximately four months later.

Plaintiff argues Defendant's Motions to Compel are untimely because they were filed more than twenty-one days after Plaintiff served its objections. (Doc. 176) at 5. Local Rule 26.6 requires a party who is served with objections to a discovery request to file motion to compel within twenty-one days. D.N.M. LR-Civ. 26.6. In its reply brief, Defendant argues this rule does not apply to its subpoenas because they were issued pursuant to Fed. R. Civ. P. 45. (Doc. 184) at 1. Defendant also argues it is proceeding under its Second Amended Subpoenas Duces Tecum and Notices of Deposition, to which Plaintiff did not file any objections. *Id.* at 2.

It appears Defendant's Second Amended Subpoenas and Notices of Deposition were served on January 7, 2021 for depositions of Mr. Blanco and Mr. Silberman to take place on January 27 and 28, 2021. *See* (Doc. 163). Defendant did not cite to the Second Amended subpoenas in either of its Motions to Compel so Plaintiff is correct that the operative subpoenas are those referenced in the Motions to Compel, which were served in August and September 2020. Plaintiff is also correct that Defendant's failure to file a motion to compel within twenty-one days of service of Plaintiff's objections violates Local Rule 26.6 regardless of the subpoenas being served under Rule 45. *See, Lawyers Title Ins. Corp. v. Dragonfly Dev., Inc.*, 2010 WL 11597606, at *3 (D.N.M.) (finding motion to compel regarding subpoena issued under Rule 45 untimely because it was filed more than twenty-one days after service of objections). Moreover, to the extent these document requests seek to obtain documents from parties to the case, discovery is governed by Rule 34, not Rule 45. *See* 7 James William Moore, et al., Moore's Federal Practice, § 34.02(5)(3) (3d. Ed. 2009) ("[Rule 45] should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party as distinct from a non party is governed by Rule 34 not Rule 45.").

Nevertheless, the parties state that over the past several months they have been working towards resolving their disputes and attempting to reset these depositions. *See* (Doc. 176) at 3-5; (Doc. 184) at 2-3. In addition, as set forth below, many of Plaintiff's responses to the subpoenas were deficient. Therefore, the Court finds there is good cause to consider Defendant's Motions to Compel and will not enforce Local Rule 26.6 on the issue of timeliness. *See* D.N.M. LR-Civ. 26.6 ("For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period."). Since it appears the Second Amended subpoenas merely reset the deposition dates and did not revise any of the document requests, the Court will consider Plaintiff's objections to the initial subpoenas as if they were filed in response to the Second Amended subpoenas. However, the Court instructs the parties that any future discovery motions must comply with the twenty-one-day time limit in Rule 26.6, and Rule 45 subpoenas may not be used to circumvent rules regarding requests for production under Rule 34.

### C. Defendants' Subpoenas Duces Tecum

The subpoenas at issue commanded the deponents to produce eighteen categories of documents, including: their entire files related to the *Parada* and C&F litigation; insurance coverage and ERISA matters related to the *Parada* litigation; and all emails, texts, bills, time sheets, calendar entries, relating to *Parada* litigation. *See* (Doc. 163). Plaintiff objected to the document requests claiming they are overly broad, unduly burdensome, sought information related to claims and elements already decided by the Court as a matter of law, and improperly sought documents protected by the attorney-client and work product privileges. (Doc. 176) at 2 (citing Docs. 126-128).

The Court first addresses Defendant's Motion to Compel regarding Mr. Rigg. Plaintiff states that no document requests were served on Mr. Rigg in connection with his deposition notice, and he was deposed for several hours on January 14, 2021 before it was adjourned to a

later date so he could attend Mr. Garcia's funeral. (Doc. 176) at 1, n.1. According to Plaintiff, Mr. Rigg did not refuse to answer any questions and Defendant does not identify any issues it had with Mr. Rigg's deposition. *Id.* Defendant does not dispute these assertions in its reply brief. Plaintiff's objections served in response to Mr. Rigg's notice of subpoena state that it "produces Mr. Rigg for deposition subject to the understanding that his deposition will not concern the topics covered by the Court's [Motion for Summary Judgment] Order." (Doc. 124) at 2. The Court finds no error with Plaintiff's assessment of the Motion for Summary Judgment Order and agrees any deposition topics must be limited to those issues remaining in this case. Accordingly, the Court will deny Defendant's Motion to Compel with regard to Mr. Rigg's deposition.

As for the remaining deponents, the Court finds the document requests are overly broad and include requests for privileged information. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Ortega v. Mgmt. & Training Corp.*, 2017 WL 4271413, at *1 (D.N.M.) (unpublished) ("It is generally accepted … that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* While the scope of discovery is broad, a court is not required to permit parties "to engage in a fishing expedition in the hope of supporting" their claims. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002).

As set forth above, the issues in this case have been limited to whether Plaintiff is entitled to the damages it seeks, including whether Plaintiff could have invoked the workers compensation exposure limit earlier in the case, whether the *Parada* plaintiffs' recovery would have been limited to the workers compensation limit despite the gross negligence claim, and the

reasonableness of Mr. Blanco's fees incurred in the *Parada* tort defense. (Doc. 100) at 38-45. Defendant's requests for "entire" files and "all" emails, texts, bills, etc…, exceed the scope of the remaining issues in this case. While Defendant states in its reply brief that it has limited its document requests "through its definitions and specific requests," the Court finds no such limitations. For example, Defendant requests the deponents produce their "entire file(s) related to the *Parada* litigation and/or the *Parada* claims," and defines those terms to include "those claims asserted by or on behalf of Lawrence Parada and/or his estate, heirs and/or beneficiaries, including but not limited to claims for worker's compensation benefits, benefits through an ERISA-benefits plan, and/or claims for negligence, gross negligence or negligence *per se* associated with the September 15, 2013 incident resulting in Mr. Parada's fatality." (Doc. 163-1) at 4. This definition does not limit the request to the remaining issues. The Court, therefore, sustains Plaintiff's objections on the basis of overbreadth.

      Notwithstanding the flaws in Defendant's document requests, Plaintiff's responses to the requests are deficient. In response to the Requests for Production ("RFP"), with the exception of RFP No. 9, Plaintiff states that it "will not produce any documents or provide any testimony related to this Request without further meet and confer and offer of proof from Great West regarding what relevant, non-privileged information is sought by this Request." (Doc. 126) at 7-16 (in response to RFP No. 9, Plaintiff agrees to produce all relevant, non-privileged documents). Rule 34 requires a party objecting to a request for production to "state whether any responsive materials are being withheld on the basis of that objection," and an "objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, Rule 26 requires that when a party withholds information that is otherwise discoverable by claiming it is privileged, the party must "describe the nature of the documents … not produced or disclosed – and do so in a manner that, without revealing information itself privileged or

protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).  In other words, Plaintiff is required to state whether it is withholding any responsive information and produce a privilege log of all relevant documents withheld on the basis of privilege.  Here, Plaintiff's refusal to produce any documents or provide testimony without a "meet and confer" or "offer of proof" does not comply with the Federal Rules of Civil Procedure.  Accordingly, the Court will allow Defendant to re-draft its discovery requests and will require Plaintiff to produce all relevant, nonprivileged information and describe any relevant documents that are withheld in compliance with Rules 26 and 34.

Defendant also asks the Court to determine whether Plaintiff has waived the attorney-client and work product privileges.  Since Plaintiff has not produced documents in response to the subpoenas or provided a list of withheld documents, there is not a specific dispute regarding privilege before the Court and the Court cannot issue a hypothetical or advisory opinion.  *See Rajala v. Gardner*, 2012 WL 1232298, at *12 (D. Kan.) (unpublished) ("The nature of future deposition questions and the scope of the waiver have not been adequately briefed by the parties and the court declines to issue an advisory opinion concerning the parameters of the deposition.").  Indeed, Plaintiff has not withheld all requested documents on the basis they are privileged, but instead has asserted that "requesting *entire files* from attorneys in connection with their representations in various matters almost certainly implicates at least some privileged documents," so Plaintiff objected "*to the extent* the request sought such documents."  (Doc. 176) at 7.  The Court cannot set boundaries for counsel before Plaintiff produces documents or the depositions occur other than to reiterate clear law in this district and circuit.  For example, there is no privilege as to facts.  *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) (underlying facts are not protected by the attorney-client privilege); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan) ("Attorneys with discoverable facts, not

protected by attorney-client privilege or work product, are not exempt from being a source of discovery by virtue of their license to practice law or their employment by a party."). Therefore, as long as a document or question does not intrude on an attorney's thought process, strategy, or legal advice, the request does not call for disclosure of privileged information.

Additionally, the Court notes that Defendant states in its Motions to Compel that it has a "*bona fide* coverage dispute" with Plaintiff. (Doc. 166) at 8. To the contrary, the presiding judge has concluded as a matter of law that on December 10, 2013, Defendant breached its duty to defend under the workers compensation policy and Defendant is collaterally estopped from making any claim to the contrary. (Doc. 100) at 25-38. Accordingly, Defendant may not request documents or ask questions at depositions relating to this foreclosed issue.

Based on Defendant's overly broad discovery requests, and Plaintiff's failure to produce relevant, nonprivileged documents or a privilege log, the Court will grant in part and deny in part Defendant's Motions to Compel regarding the subpoenas duces tecum. The Court will allow Defendant to serve revised subpoenas on Mr. Silberman, Mr. Blanco, and Mr. Skipworth within thirty (30) days, setting their depositions to take place within ninety (90) days. The revised subpoenas may only request nonprivileged documents that are relevant to the remaining claims, and any deposition questions must similarly be limited to the remaining issues and not seek privileged information. Plaintiff shall comply with any deposition notices and respond to any document requests by producing all relevant, nonprivileged documents along with a privilege log in compliance with Federal Rules of Civil Procedure 26 and 34. Defendant may file a motion to compel regarding any objections in compliance with Federal Rule of Civil Procedure 37 and Local Rule 37.1 by attaching a copy of the document request or relevant portion of the deposition transcript and the objection thereto. Deposition notices and objections may not be filed with the Court.

### D. Mr. Blanco's Deposition

Defendant also asks the Court to compel Mr. Blanco to respond to two questions posed during his deposition that he refused to answer. (Doc. 166) at 15-16. He was asked: "Was there any discussion at the start of the case with regard to what affirmative defense issue would be raised in the Parada claim?" and "Were you part of any discussion with MVT as to whether or not to raise an affirmative defense based on workers' compensation?" *Id.* His counsel objected on the basis of work product and attorney-client privilege and instructed him not to answer. *Id.* Defendant argues it was not asking for the contents of any conversation, but whether a conversation did or did not occur. *Id.* at 16.

In response, Plaintiff states that Mr. Blanco's refusal to answer was because Defendant has maintained that any voluntary disclosure of potentially privileged information constitutes an automatic waiver of all privileges. (Doc. 176) at 13-14. Plaintiff seeks an assurance from Defendant that Mr. Blanco's responses to these questions will not constitute a blanket waiver of privilege. In reply, Defendant states it will not waive any of its arguments relating to waiver of privilege. (Doc. 184) at 12.

Instructions not to answer during the course of a deposition are improper unless necessary to preserve a privilege, enforce a limitation on evidence directed by a court, or suspend a deposition in order to present a motion. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Because Plaintiff instructed Mr. Blanco not to answer to preserve a privilege, the instruction was not improper. However, the work product privilege protects against disclosure of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). It "is intended only to guard against divulging the attorney's strategies and legal impressions," but it does not "protect facts concerning the creation of work product or facts contained within work

product." *Resolution Trust Corp.*, 73 F.3d at 266.  The questions posed to Mr. Blanco do not ask for his strategies, legal impressions, or theories.  Instead, Defendant asked whether there was a conversation regarding raising workers compensation as an affirmative defense, which is a yes or no question about a fact and is relevant to the remaining issues in this case.  The Court therefore grants Defendant's motion as to these questions and instructs Mr. Blanco to answer them at his deposition.  Since the information sought by Defendant in the two referenced questions is not privileged, no waiver of privilege will be implicated by Mr. Blanco answering the two questions.

### E.  Mr. Blanco's *Parada* File

Finally, the Court addresses Defendant's Second Motion to Compel, in which Defendant argues Mr. Blanco did not produce the entirety of his *Parada* file, emails relating to the *Parada* lawsuit, and documents he reviewed in preparation for his deposition.  (Doc. 168) at 3.  Defendant also contends Mr. Blanco was not prepared to testify as the corporate representative as designated by Plaintiff.  *Id.*  Defendant asks the Court to order Mr. Blanco to answer and respond to specific deposition questions, produce his entire *Parada* file, and adequately prepare as the designated corporate representative.  *Id.* at 4-8.

Plaintiff responds that it has produced 85% of the documents requested from Mr. Blanco and the remaining documents were withheld on the basis of attorney-client and work product privilege.  (Doc. 177) at 3-4.  Plaintiff maintains it is not required to produce the entire file and argues that Mr. Blanco's statement that he reviewed the file in preparing for his deposition does not change that fact.  *Id.* at 4-7.  Plaintiff also disputes Defendant's contention that Mr. Blanco was not prepared for the deposition and notes that because it has agreed to present Mr. Blanco for a second deposition, the issue is moot.  *Id.* at 7-8.  In reply, Defendant contends Plaintiff has not produced a privilege log for the withheld documents and maintains that Mr. Blanco should

produce his entire *Parada* file and be ordered to adequately prepare for his second deposition. (Doc. 185).

Defendant's Second Motion to Compel largely mirrors its First Motion to Compel so most of the issues raised have been addressed above. Specifically, the Court finds the subpoena duces tecum issued to Mr. Blanco for his "entire file" and "all" texts and communications, etc…, is overly broad. Defendant may issue an amended subpoena and notice of deposition as set forth above, and Mr. Blanco must produce all relevant, nonprivileged documents and a privilege log regarding any relevant documents that are being withheld.

The Court rejects Defendant's argument that Mr. Blanco must produce his entire file because he reviewed it in preparing for his deposition. Defendant relies on Federal Rule of Evidence 612 for this argument, but that Rule relates to a witness who relies on a document to refresh their memory. In considering whether to require production of documents consulted by deposition witnesses, courts require a party to show: (1) the witness used the writing to refresh his memory; (2) the witness used the writing for the purpose of testifying; and (3) production is necessary in the interests of justice. *Meeker v. Life Care Cntrs. of America*, 2015 WL 7882695 at *7, n.6 (D. Colo.) (unpublished). In addition, the party seeking the documents "must show that the documents actually influenced the witness' testimony." *Id.* Here, Mr. Blanco merely stated he reviewed the file, not that he used it to refresh his memory or that any documents influenced his testimony. Therefore, the Court finds Defendant has not shown that production of the entire file is required. The Court also rejects Defendant's argument that Mr. Blanco was unprepared. First, Defendant does not mark anywhere on the transcript where Mr. Blanco's testimony indicates a lack of preparation and the Court will not search through the transcript to find support for Defendant's motion. Second, Plaintiff has offered Mr. Blanco for a second

deposition and agreed to ensure he is adequately prepared, so the Court denies Defendant's motion on this issue.

### III. Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendant's Motions to Compel.  Defendant may serve revised subpoenas and document requests, which must be limited to the remaining issues in this case and comply with all relevant Federal and Local Rules relating to discovery.  Plaintiff must respond to the document requests by producing all relevant, nonprivileged documents and preparing a privilege log in compliance relevant Federal and Local Rules.  Any depositions must proceed in compliance with this Order and relevant Federal and Local Rules.  To the extent the parties continue to have a dispute regarding specific documents or deposition questions, they may file a motion to compel and attach the request, objection, or portion of the deposition transcript that is at issue.  The parties shall cease filing notices of depositions or objections with the Court – all documentation of disputed issues must be attached to a motion to compel, response or reply and be clearly cited to and marked.

IT IS THEREFORE ORDERED that Defendant's Motions to Compel, (Docs. 166 and 168), are granted in part and denied in part as set forth above.

IT IS FURTHER ORDERED that Defendant may serve revised subpoenas on Mr. Silberman, Mr. Blanco, and Mr. Skipworth within thirty (30) days of entry of this Order, setting their depositions to take place within ninety (90) days of entry of this Order.  The revised subpoenas may only request nonprivileged documents that are relevant to the remaining claims, and the three deponents may only be asked questions pertaining to the remaining claims, as those claims are discussed in this Order and based upon the Order granting summary judgment in part, (Doc. 100).

IT IS FURTHER ORDERED that in response to any revised document requests, Plaintiff shall produce all relevant, nonprivileged documents, along with a privilege log, in compliance with Federal Rules of Civil Procedure 26 and 34.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE