IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MVT SERVICES, LLC, doing business as
Mesilla Valley Transportation,

       Plaintiff,

v.                                                    No. 2:18-cv-01128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

       Defendant.

## ORDER GRANTING MOTION TO FILE SURREPLY

THIS MATTER is before the Court on Plaintiff's Motion to File Surreply, (Doc. 208), filed July 9, 2021. Defendant filed a response to the motion on July 23, 2021, (Doc. 211), and Plaintiff filed a notice of completion of briefing on August 12, 2021, (Doc. 218). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Plaintiff's Motion to File Surreply.

Plaintiff asks to file a surreply to Defendant's Motion to Compel, (Doc. 204). Plaintiff argues the Motion to Compel was filed prematurely—before Plaintiff completed production of all non-privileged documents responsive to Defendant's requests and before Plaintiff provided a privilege log of withheld documents. (Doc. 208) at 1. After Plaintiff filed its response to the Motion to Compel, it produced its privilege log. *Id.* at 2. Defendant then filed its reply in support of the Motion to Compel, in which Defendant argues in support of *in camera* inspection and production of documents identified on Plaintiff's privilege log. (Doc. 207) at 7-9. Plaintiff asks the Court to allow it to respond to Defendant's arguments regarding production of these documents. (Doc. 208) at 2. Defendant, however, argues that the issues surrounding the documents in Plaintiff's privilege log were raised for the first time by Plaintiff in its response to the Motion to Compel—not by Defendant. (Doc. 211) at 4. Defendant contends a surreply is not

warranted because Plaintiff fails to assert any new evidence or arguments raised in Defendant's reply. *Id.*

"The filing of a surreply requires leave of the Court." D.N.M. LR-Civ. 7.4(b). When a movant includes new material or new arguments in its reply brief, the court must either permit the nonmovant to file a surreply or disregard the new material or arguments in ruling on the motion. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003); *S.E.C. v. Goldstone*, 2014 WL 6065611 at *2 (D.N.M. 2014) ("A surreply is appropriate and should be allowed where new arguments are raised in a reply brief."). Here, Defendant's arguments regarding specific documents identified in Plaintiff's privilege log were not raised in its Motion to Compel, so Plaintiff was unable to respond to those arguments in its response brief. Accordingly, the Court finds that Plaintiff should be permitted to file a surreply addressing Defendant's arguments regarding the documents in the privilege log that Defendant asserted for the first time in its reply in support of the Motion to Compel.

IT IS THEREFORE ORDERED that Plaintiff's Motion to File Surreply, (Doc. 208), is GRANTED and Plaintiff may file its surreply by Friday, August 20, 2021.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE