## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MVT SERVICES, LLC, doing business as
Mesilla Valley Transportation,

        Plaintiff,

v.                                                                No. 2:18-cv-01128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

        Defendant.

### <u>ORDER GRANTING IN PART MOTION TO COMPEL</u>

THIS MATTER is before the Court on Defendant's Motion to Compel, (Doc. 204), filed June 9, 2021. Plaintiff filed a response to the Motion to Compel on June 23, 2021, Defendant filed a reply on July 7, 2021, and Plaintiff filed a surreply on August 20, 2021. (Docs. 206, 207, 225). Having considered the parties' briefing, the record of the case, and relevant law, the Court will grant in part the Motion to Compel.

## I.    <u>Background</u>

In the Court's order on two previous motions to compel filed by Defendant, the Court set forth the history of this case relevant to the parties' discovery disputes. *See* (Doc. 191). The Court will restate that history here to provide context for this order. This case arises from an accident resulting in the deaths of two of Plaintiff's employees on September 15, 2013, and the lawsuit brought by the family of one of the deceased employees (the *Parada* lawsuit). The long history of this case spans four lawsuits in state and federal courts in Texas and New Mexico. The issue before this Court is whether Defendant breached its insurance policy with Plaintiff and violated Texas statutory law by initially denying coverage on the basis that the insurance policy had expired the day before the accident. (Doc. 100) at 5. Plaintiff claims Defendant's breach

forced Plaintiff to pay the deductible on a secondary insurance policy issued by Crum and Forster ("C&F"), its own money in settling claims, and defense costs.  Importantly, the coverage offered by Defendant's policy, but not by the C&F policy, was a workers compensation policy that would have permitted Plaintiff to invoke Texas Labor Code Ann. § 408.001(a), which generally limits recovery of an injured employee to workers compensation benefits.  *Id.* at 2.  As a result, Plaintiff claims it faced higher litigation exposure which, in turn, led to Plaintiff paying more to settle the claims in the *Parada* lawsuit.

Defendant, however, claims that Plaintiff withdrew its tender of the lawsuit to Defendant and did not re-tender it until May 2015.  *Id.* at 7.  Defendant alleges Plaintiff could have invoked the workers compensation recovery limitation on its own, but Plaintiff chose not to do so because it did not want to pay the policy premium to Defendant.  *Id.* at 8.  Defendant also asserts that because the *Parada* litigation involved claims of gross negligence that would not have been included in a workers compensation action, Plaintiff would have still faced tort exposure in the *Parada* suit regardless of Defendant's coverage.  Therefore, Defendant claims Plaintiff would have invoked the C&F policy to cover that risk even if Defendant had not denied coverage.

The presiding judge has held that the undisputed facts demonstrate: (1) Defendant's duty to defend arose on October 28, 2013 (the date Plaintiff tendered the *Parada* lawsuit); (2) Plaintiff did not withdraw its tender; and (3) Defendant erroneously denied coverage on December 10, 2013.  *Id.* at 25-38.  Therefore, the court concluded as a matter of law that on December 10, 2013, Defendant breached its duty to defend under the workers compensation policy.  *Id.* at 38. The presiding judge further held that Defendant is collaterally estopped from making any claim to the contrary and that res judicata does not bar Plaintiff from pursing its claims in this lawsuit. *Id.* at 25-34.

Accordingly, the remaining issue in this case is whether Plaintiff is entitled to the damages it seeks, which are: (1) the $250,000 deductible Plaintiff paid to C&F to invoke coverage under that secondary policy; (2) $250,000 of Plaintiff's own money that it contributed toward the settlement of the *Parada* lawsuit; and (3) $41,476.84 Plaintiff paid to counsel Steven Blanco to assist in the *Parada* lawsuit. *Id.* at 38. The court held there is a factual dispute regarding whether Plaintiff could have invoked the workers compensation exposure limit earlier in the case and whether the *Parada* plaintiffs' recovery would have been limited to the workers compensation limit despite the gross negligence claim. Therefore, a jury will need to decide whether Defendant's breach "irrevocably denied MVT its choice-of-forum and thereby raised the stakes of the *Parada* lawsuit so high as to cause MVT to pay $500,000 that it otherwise would not have," and whether "the gross negligence claim posed no threat whatsoever to MVT." *Id.* at 41-42.

As for Mr. Blanco's fees, the presiding judge concluded that Plaintiff "is entitled to damages in the amount of those fees [it] can prove at trial were related to Blanco's direct participation in the *Parada* tort defense." *Id.* at 38, 43. Because questions of fact exist as to the reasonableness of Mr. Blanco's fees, it will be up to a jury to determine the amount of those fees to award. *Id.* at 45. The presiding judge also held that Defendant must pay an additional 18% interest on the final amount awarded for Mr. Blanco's fees pursuant to Chapter 542 of the Texas Insurance Code. *Id.* at 48.

## II. <u>Discussion</u>

In its Motion to Compel, Defendant asks the Court to overrule Plaintiff's objections to its First Set of Requests for Production, dated May 19, 2021—specifically Plaintiff's objections to Requests for Production ("RFPs") 5 through 13, 20, 33, 36, 40-43, 45-47, 49-55, and 59. (Doc. 204) at 3. Plaintiff responds that, regarding RFPs 33, 46, 47, and 49-55, it has produced all non-

privileged documents in its possession, custody, and control, and did not withhold documents on the basis of any of its asserted objections.  (Doc. 206) at 8.  In its reply, Defendant withdraws its motion to compel as to RFP 33, but maintains Plaintiff has not fully produced all responsive, non-privileged documents for the remaining disputed RFPs.  (Doc. 207) at 2.  The Court will address each disputed RFP below.

## A.  RFPs 5-13, 20 and 36

Request for Production 5 asks for: "Statements made by Great West, its agents, employees, attorneys, or witnesses related to or pertaining to the Incident, the Parada Suit, the C/F Suit, the Great West Policy, or the incidents described in [Plaintiff's] Amended Complaint, including any written or recorded or videotaped statements."  (Doc. 204-1) at 9.  Requests for Production 6-13 and 20 ask for: "Correspondence, memorandum, emails, texts, contracts or other Documents exchanged between [Plaintiff] and [Steve Blanco, Robert Skipworth, James Scherr, 1-2-1 Claims Services, Charles Clark, Crum & Forster, Lexington Insurance Company, Great West, and Fleet Risk Management] related to or pertaining to the Incident, the Parada Suit, the C/F Suit, the Great West Policy, or the incidents described in [Plaintiff's] Amended Complaint." *Id.* at 9-11.  Request for Production 36 asks for: "Any and all notes, diaries, journals or calendar entries or other written records prepared by [Plaintiff] in connection with any meeting or conversation [Plaintiff] had with [Steve Blanco, Robert Skipworth, Charles Clark, James Scherr, Great West], and any of their respective agents, adjusters, servants, employees, or attorneys related to the Incident, the Parada Suit, the C/F Suit, the Great West Policy, or the incidents described in [Plaintiff's] Amended Complaint."  *Id.* at 14.

Plaintiff objected to these RFPs on the basis they are outside the scope of discovery because they seek statements and documents related to the incident and *Parada* suit without further clarification or limitation, and because documents related to the C&F suit are irrelevant to

the remaining issues in this case.  (Doc. 204-2) at 5-14, 16, 27-28.  Nevertheless, Plaintiff agreed to produce all responsive records "to the extent such statements are not related to any issues that have been resolved by the Court as a matter of law." *Id.*  In its response to the Motion to Compel, Plaintiff states it "has produced all non-privileged documents in its possession, custody, and control that it was able to identify after a reasonable search and are responsive to [the RFPs], subject to additional objections discussed below."  (Doc. 206) at 7.

Defendant argues these RFPs "bear directly upon" the case's remaining issues.  (Doc. 204) at 4.  Defendant states the requested documents are relevant to Plaintiff's decision to invoke the C&F policy, whether Defendant's breach irrevocably denied Plaintiff its choice-of-forum and raised the stakes of the *Parada* lawsuit, and to Plaintiff's gross negligence exposure.  *Id.* Defendant further states that documents pertaining to Mr. Blanco and Mr. Skipworth are necessary to determine what each attorney worked on in order to assess the reasonableness of Mr. Blanco's fees.  *Id.*  Additionally, Defendant argues that information related to the C&F suit are relevant to Plaintiff's alleged damages in this case, the payment of the C&F deductible, and Plaintiff's evaluation of gross negligence exposure.  (Doc. 207) at 5.

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *see also Ortega v. Mgmt. & Training Corp.*, 2017 WL 4271413, at *1 (D.N.M.) (unpublished) ("It is generally accepted … that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  While the scope of discovery is broad, a court is not required to permit parties "to engage in a fishing expedition in the hope of supporting" their claims.  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002).

As set forth above, the issues in this case have been limited to whether Plaintiff is entitled to the damages it seeks, including whether Plaintiff could have invoked the workers compensation exposure limit earlier in the case, whether the *Parada* plaintiffs' recovery would have been limited to the workers compensation limit despite the gross negligence claim, and the reasonableness of Mr. Blanco's fees incurred in the *Parada* tort defense.  (Doc. 100) at 38-45. Defendant's requests for all statements, correspondence and records pertaining to "the Incident, the Parada Suit, the C/F Suit, the Great West Policy, or the incidents described in [Plaintiff's] Amended Complaint" exceed the scope of the remaining issues in this case.  Nevertheless, Plaintiff states it has produced all records responsive to these requests that are relevant to the remaining issues, which complies with Rule 34.  *See* Fed. R. Civ. P. 34(b)(2)(C) (requiring parties objecting to a request for production to "state whether any responsive materials are being withheld on the basis of that objection," and an "objection to part of a request must specify the part and permit inspection of the rest").  The Court finds that Plaintiff's production of documents responsive to these requests, but limited to the remaining issues in this case, is reasonable. However, the Court disagrees with Plaintiff's assertion that documents related to the C&F suit are irrelevant to the remaining issues.  *See* (Doc. 204-2) at 5-14, 16, 27-28.  Instead, documents from the C&F suit are relevant to assessing Plaintiff's damages, specifically the payment of the C&F deductible, whether Plaintiff would have invoked the C&F policy if Defendant had not breached its duty to defend, whether Defendant's breach raised the stakes of the *Parada* lawsuit, and Plaintiff's evaluation of its gross negligence exposure.  Accordingly, the Court grants Defendant's Motion to Compel in part as to these requests and orders Plaintiff to supplement its production to include records from the C&F suit that are relevant to the remaining issues.

**B.  RFPs 40-43, 45, 59**

Next, Defendants seek documents responsive to the following RFPs:

40. Any and all Documents or Communications in support of MVT's allegation that Great West breached its contractual obligations by "failing to timely invoke the exclusive remedy of workers' compensation benefits" as set forth in MVT's Amended Complaint.

41. Any and all Documents or Communications in support of MVT's allegation that the "Parada Lawsuit inaccurately alleged that MVT failed to maintain worker's compensation insurance applicable to Parada at the time of his death" as set forth in MVT's Amended Complaint.

42. Any and all Documents or Communications in support of MVT's allegation that "while the WC Coverage Part remained in force" as set forth in MVT's Amended Complaint.

43. Any and all Documents or Communications in support of MVT's allegation that "pursuant to the applicable provisions of the WC Coverage Part, Great West was obligated to defend MVT against the Parada Lawsuit and pay all benefits required of MVT under Texas workers' compensation law" as set forth in MVT's Amended Complaint.

45. Any and all Documents or Communications in support of MVT's allegation that "the accident arose during the coverage period of the Great West Policy" as set forth in MVT's Amended Complaint.

59. All Documents or Communications, including but not limited to all contracts and agreements, between MVT and OEP Holdings, LLC.

(Doc. 204-2) at 15-18.

Plaintiff objects to these requests as being outside the scope of discovery because the Court has already ruled as a matter of law that the accident occurred during the coverage period of Defendant's workers compensation policy and Defendant breached its duty to defend.  (Doc. 204-1) at 29-39; (Doc. 206) at 9-11.  Defendant, however, argues these documents are relevant because the presiding judge "did not find that Great West breached its contractual obligations by failing to timely invoke the exclusive remedy of the workers' compensation benefits; instead, the Court's MSJ Ruling found that Great West breached its duty to defend predicated upon its denial of any defense obligation, not that Great West breached its contractual obligations by failing to

timely invoke a particular affirmative defense."  (Doc. 204) at 11.  Defendant also contends these

documents pertain to the issue of Plaintiff and C&F's control of the *Parada* lawsuit defense,

what Plaintiff knew about its coverage arguments and gross negligence exposure and the timing

of that knowledge, and "causation of Plaintiff's damages as alleged in this action."  *Id.* at 11-12.

The Court finds that these RFPs are outside the scope of the remaining issues in this case.

They ask for information related to Defendant's breach of its duty to defend, which has been

decided as a matter of law.  *See* (Doc. 100) at 25-34 (concluding as a matter of law that on

December 10, 2013, Defendant breached its duty to defend under the workers compensation

policy, that Defendant is collaterally estopped from making any claim to the contrary, and that

res judicata does not bar Plaintiff from pursing its claims in this lawsuit).  Defendant's argument

that the presiding judge did not rule that it breached its duty to defend "by failing to timely

invoke the exclusive remedy of the workers' compensation benefits," and instead held that

Defendant denied any defense obligation, is unpersuasive.  If Defendant denied any defense

obligation, it necessarily denied its duty to invoke the workers' compensation limit.  To the

extent Defendant seeks information relating to Plaintiff's control over and knowledge of its own

ability to raise the workers' compensation remedy, Defendant could have drafted RFPs asking

for such discovery.  As written, these RFPs seek information outside the scope of the remaining

issues in this case, and the Court will sustain Plaintiff's objections and deny the Motion to

Compel as to these requests.

**C. RFPs 46, 47, 49-55**

Finally, Defendant seeks to compel Plaintiff to provide additional documents responsive

to the following RFPs:

> 46. Any and all Documents or Communications in support of MVT's allegation that "the
> Parada Lawsuit proceed [sic] under a tort theory which exposed MVT which it would not

have faced had the matter been adjudicated as a workers' compensation claim" as set forth in MVT's Amended Complaint.

47. Any and all Documents or Communications in support of MVT's allegation that "[h]ad Great West accepted coverage of the Parada Lawsuit at the time of tender, MVT would never have had to contribute anything more than the $500,000 deductible under the [Great West] Policy" as set forth in MVT's Amended Complaint.

49. Any and all Documents or Communications in support of MVT's allegation that "Great West has engaged in unfair or deceptive acts or practices as defined in Section 541.061 of the Texas Insurance Code" as set forth in MVT's Amended Complaint.

50. Any and all Documents or Communications in support of MVT's allegation that "Great West has violated Section 541.061 of the Texas Insurance Code by making misrepresentations" of the Great West Policy as set forth in MVT's Amended Complaint.

51. Any and all Documents or Communications in support of MVT's allegation that "Great West violated Section 541.060(1) of the Texas Insurance Code by misrepresenting a material fact or policy provision relating to coverage at issue" as set forth in MVT's Amended Complaint.

52. Any and all Documents or Communications in support of MVT's allegation that "Great West violated Section 541.060(2) of the Texas Insurance Code by refusing coverage for the MVT when its liability was reasonably clear" as set forth in MVT's Amended Complaint.

53. Any and all Documents or Communications in support of MVT's allegation that "Great West violated Section 541.060(3) of the Texas Insurance Code by denying coverage for the Parada Lawsuit without providing a reasonable factual or legal basis for such an assertion" as set forth in MVT's Amended Complaint.

54. Any and all Documents or Communications in support of MVT's allegation that "Great West violated Section 541.060(7) of the Texas Insurance Code by refusing coverage for the Parada Lawsuit without conducting a reasonable investigation with respect to the Parada Lawsuit" as set forth in MVT's Amended Complaint.

55. Any and all Documents or Communications in support of MVT's allegation that "Great West knowingly committed one or more" violations of the Texas Insurance Code as set forth in MVT's Amended Complaint.

(Doc. 204-1) at 15-17.

Plaintiff states it has produced all responsive, non-privileged documents in its possession, custody, or control and provided a log of relevant documents that were withheld on the basis of privilege. (Doc. 207) at 2-3; (Doc. 207-1). Defendant seeks production of these withheld

documents, arguing Plaintiff waived its attorney-client and work product privileges pursuant to the offensive use doctrine and because Defendant cannot obtain the information another way. (Doc. 204) at 5-8, 15; (Doc. 207) at 2-3, 7-11.  Additionally, Defendant argues that MVTPRIV-00000209 and 00000616-619 are not privileged because they are communications to Charles Clark and Dale Seguin, who are persons outside the attorney/client relationship.  (Doc. 207) at 7-8.  In its surreply, Plaintiff states it has produced several of the disputed documents because it determined they were non-privileged attachments to privileged communications, including MVTPRIV-00000616-619.  (Doc. 225) at 2.  Regarding the remaining documents, Plaintiff maintains they are protected by attorney-client privilege which has not been waived.  *Id.* at 3-6.

Defendant contends Plaintiff waived attorney-client privilege under the offensive use waiver adopted by the Texas Supreme Court in *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993).[1]  To determine whether offensive-use waiver has occurred, courts must make the following determinations: (1) the party asserting the privilege must be seeking affirmative relief; (2) the privileged information must be such that, if believed by the fact finder, "in all probability it would be outcome determinative of the cause of action asserted;" and (3) disclosure of the confidential information must be the only means by which the aggrieved party may obtain the evidence.  *Davis*, 856 S.W.2d at 163.  Plaintiff concedes it is seeking affirmative relief in this case, but it contends the information is not outcome determinative and that disclosure of the

---

[1] Pursuant to Federal Rule of Evidence 501, state law governs the applicability and scope of attorney-client privilege in diversity actions.  Texas law governs the issues in this diversity case with claims based on Texas state law causes of action, and the parties do not contest its application to the interpretation of attorney-client privilege.  *See Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, 2020 WL 7626536, at *2 (D. Kan.) (applying Texas state law to attorney-client privilege issues in diversity case with claims based on Texas state law causes of action).

confidential information is not the only means by which Defendant can obtain the evidence. (Doc. 225) at 4.

The documents withheld by Plaintiff consist of e-mails to and from Plaintiff's counsel, dated from October 2013 through June 2015, and described as communications relating to Defendant's coverage of the *Parada* litigation.  (Doc. 207-1).  Plaintiff does not dispute that the withheld documents are relevant to the remaining issues in this case.  However, "mere relevance" is insufficient to find a party has waived its attorney-client privilege through the offensive use of the privileged information.  *Davis*, 856 S.W.2d at 163.  Instead, the "confidential communications must go to the very heart of the affirmative relief sought." *Id.*  In support of its argument that Plaintiff has waived attorney-client privilege, Defendant relies on a case in which one of the parties sought to avoid liability based on actions taken on advice of counsel, but the party refused to reveal evidence supporting that assertion on the basis the communications were protected by the attorney-client privilege.  *See DeWitt and Rearick, Inc. v. Ferguson*, 699 S.W.2d 692 (Tex. App.).  Here, though, Plaintiff has not asserted an advice-of-counsel defense and Defendant fails to make a showing that the disputed documents contain information that would determine any of the remaining issues.  Therefore, Defendant has not established these documents are outcome determinative.

In addition, Defendant has not demonstrated that disclosure of the privileged information is the only means by which it can obtain the evidence.  Defendant has deposed several of the senders and recipients of the withheld communications, such as Plaintiff's former general counsel, Todd Silberman, Plaintiff's Chief Financial Officer, Dean Rigg, and Plaintiff's counsel in the *Parada* litigation, Steve Blanco and Robert Skipworth.  *See* (Doc. 225) at 5.  Defendant, therefore, was able to inquire about the facts it seeks to establish from the documents.  Similarly, Defendant has not made a sufficient showing under Fed. R. Civ. P. 26(b)(3) that it has a

substantial need for these materials and is unable to obtain the substantial equivalent without undue hardship.  First, Rule 26(b)(3) applies only to documents withheld on the basis of work product privilege, and all of the withheld documents at issue are protected by the attorney-client privilege.  Nevertheless, Defendant fails to establish that it cannot obtain the facts contained in these documents through the use of depositions and discovery of non-privileged information.

Finally, the Court addresses Defendant's argument that MVTPRIV-00000209 is not privileged because the recipient of the communication, Charles Clark, was not Plaintiff's attorney.  (Doc. 207) at 7-8.  Mr. Clark was an attorney for Plaintiff's defending carrier, C&F, and was appointed by C&F to manage the *Parada* litigation.  (Doc. 225) at 6.  Defendant provides no support for its argument that the attorney-client privilege is not extended to Mr. Clark in his role as attorney for Plaintiff's insurance carrier.  Moreover, the Texas Supreme Court has held that the attorney-client privilege applies to "communications between an insured and its liability insurer when they concern a potential suit and [the] communications are predominantly intended to be transmitted to the attorney hired by [the] insurer to defend [the] insured."  *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, at 53 (Tex. 2012) (citing 17A Lee R. Russ, et al., Couch on Insurance §250:19 (3d ed. 2005)).  As the withheld document is a "communication between MVT to coverage counsel regarding outstanding litigation, including *Parada* lawsuit," the communication falls within this definition and is protected.  For the foregoing reasons, the Court will deny the Motion to Compel as to these documents.

## III.   Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendant's Motion to Compel.  Plaintiff is ordered to supplement its production in response to Requests for Production 5-13, 20, and 36 to include records from the Crum and Forster suit that are relevant to the issues remaining in this case.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 204), is granted in part and denied in part as set forth above.

IT IS FURTHER ORDERED that **no later than September 8, 2021**, Plaintiff shall supplement its production in response to Requests for Production 5-13, 20, and 36 to include records from the Crum and Forster suit that are relevant to the issues remaining in this case.

IT IS SO ORDERED.


_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE