UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MVT SERVICES, LLC, d/b/a/ MESILLA
VALLEY TRANSPORTATION,

    Plaintiff,

v.                                                                        Civ. No. 18-1128 GJF/KRS

GREAT WEST CASUALTY COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER

THIS MATTER is before the Court on Defendant Great West Casualty Company's June 2022 Motion for Leave to Amend Answer to Conform with Proof at Trial [ECF 289] ("Motion"). The Motion is fully briefed. *See* ECF 292 (Resp.).[1] Fundamentally, the Motion asks whether—after a June 2020 summary judgment order finding Great West liable for breach of contract and an April 2022 bench trial on the resulting damages—the Court should allow Great West to amend its August 2019 Answer to better conform with Great West's new theory on its lack of liability. As explained below, the Court concludes that the Motion is inexcusably late and seeks relief that is inconsistent with what the Court already found on summary judgment as "established in the case." The Court also rejects Great West's conclusion that MVT "impliedly consented" to trying any issue of liability the Court had previously resolved on summary judgment. Consequently, the Court will **DENY** the Motion.

---

[1] Great West's "failure to file and serve a reply . . . constitutes consent that briefing on the [M]otion is complete." D.N.M.LR-Civ. 7.1(b).

**I.   BACKGROUND**

In its June 19, 2020, summary judgment order, the Court "conclude[d] that the undisputed material facts demonstrate[d] that . . . MVT tendered (and never withdrew) the *Parada* lawsuit on October 28, 2013." ECF 100 at 38.² The Court further "conclude[d] that the undisputed facts demonstrate[d] that Great West's duty to defend arose on October 28, 2013, and persisted without interruption thereafter." ECF 100 at 24–38.³

The Court's summary judgment order also concluded that "Great West erroneously denied coverage on December 10, 2013," and thus "breached its duty to defend . . . on December 10, 2013." *Id.* at 38.⁴ Consequently, the Court granted summary judgment in favor of MVT "on the elements of (a) existence of a valid contract, (b) performance by MVT, (c) Great West's duty to defend arising on October 28, 2013, and (d) Great West's breach of its duty to defend." *Id.* at 49.⁵ The Court, however, concluded that whether, and to what extent, MVT sustained damages due to Great West's breach "w[ould] need to be decided [at trial]." *Id.* at 38–45, 49.

On July 7, 2020, Great West asked the Court to reconsider its summary judgment order. ECF 102. On August 27, 2020, the Court denied this request:

---

² *See also* ECF 100 at 22–23 ("find[ing] the following fact[] to be undisputed:" "October 28, 2013, MVT tendered the *Parada* lawsuit to Great West"); 32 ("hold[ing] that Great West [was] collaterally estopped from disputing that its duty to defend MVT in the *Parada* lawsuit arose on October 28, 2013, and persisted without interruption thereafter"); 35 (concluding that "[t]he admissible summary judgment evidence" demonstrated, *inter alia*, that "MVT tendered to Great West the defense of the Parada claim on October 28, 2013").

³ *See also* ECF 100 at 37 (concluding that "the record evidence that Great West ha[d] pointed to [was] manifestly insufficient to create a genuine fact issue as to whether MVT withdrew its initial [October 28, 2013] tender"—and instead "view[ing] this issue as one on which the facts are so settled and so immune from dispute among reasonable minds that a jury is not required to find them").

⁴ *See also id.* at 24–25 (observing that the Court's role in addressing the breach of contract portion of MVT's summary judgment motion was to "determine only whether (1) Great West's duty to defend arose on October 28, 2013, (2) Great West breached that duty, and (3) MVT sustained damages as a result").

⁵ The Court also concluded that "MVT [was] . . . entitled as a matter of law to a reasonable amount of defense costs (Steven Blanco's fees)" and that, as to Count Two, "Great West violated the Prompt Payment of Claims Act in an amount to be determined at trial and is entitled to statutory penalty interest on that amount." *Id.* at 49.

> [T]he Court re-examined the entire evidentiary record, paying special attention to Great West's Exhibits 1(G), 1(I), 1(O), 1(P), and 1(U). The Court again construed the evidence in the light most favorable to Great West and indulged all reasonable inferences in its favor. Even after this painstaking exercise, however, the Court remains convinced that there is no *genuine* factual dispute in the summary judgment evidence that would support a finding that MVT withdrew its October 28, 2013 tender.[6]

ECF 113 at 3–5 (emphasis and footnote in original). Furthermore, at the March 18, 2022, final pretrial conference, the Court "confirmed that its summary judgment findings would carry over to the trial and that the parties would not need to re-prove facts that the Court had already found in its summary judgment decision." ECF 268 at 6 (clerk's minutes (citing ECF 100)).

At no time in the nearly twenty months between the denial of reconsideration and trial did Great West seek permission to reopen the liability phase. Nor has Great West ever complained under Federal Rule of Civil Procedure 56(d) that it did not have the discovery necessary to properly contest MVT's Motion for Summary Judgment. Nonetheless, during the bench trial, Great West "request[ed] that the Court reconsider its order on summary judgment, as to the importance of a clear request [by MVT] for a defense [from Great West]." ECF 277 at 1–4.[7] In addressing this request, the Court emphasized that it was not "reopen[ing] in th[e] trial the question of whether Great West owed MVT a duty and whether it breached it"—as "[t]hose issues were closed." Tr. Vol. II [ECF 286] at 120:1–122:6; Tr. Vol. III [ECF 285] at 8:14–22:5.[8] Thus, the Court did not

---

[6] The Court's [Summary Judgment Order, ECF 100] also held that Great West was collaterally estopped from disputing that its duty to defend MVT arose on October 28, 2013, "and persisted without interruption thereafter." *See* ECF [100] at 32. [Great West's motion to reconsider] d[id] not contest that portion of the Court's decision.

[7] *See also* ECF 277 at 1–4 (asserting that "MVT ha[d] failed to meet its burden of proof of liability" because, *inter alia*, "MVT sought only to put [Great West] *on notice* of the lawsuit rather than to make a request for defense"—and asking the Court to allow testimony addressing this issue (citing Great West's Offer of Proof Regarding Liability [ECF 277-1])).

[8] *See also* Tr. Vol. III at 21:24–22:5 (declining to consider Great West's "offer of proof as an exhibit" or to allow testimony addressing the closed issue of whether on October 28, 2013, MVT provided "an actual request for defense," ECF 277-1 at 2).

3

"reopen[ ] or revisit[ ] [its summary judgment] decision." ECF 296 (Findings of Facts and Conclusions of Law) at 2 n.3.

On the last day of trial, the Court observed that, as the summary judgment briefing was underway in early 2020, "[it] would have been very solicitous of a request to do additional discovery [under Rule 56(d)] to make sure that Great West had a fair opportunity to develop the facts to support every legal theory." Tr. Vol. III at 13:15–14:2. The Court further observed—and Great West confirmed—that "Great West didn't ask for any 56(d) relief." *Id.* at 13:18–14:5. The Court also discussed the "supremely unfair" prospect of "reopen[ing] the liability question without giving [MVT] advance notice that [the Court] was doing that." *Id.* at 10:1–18:24.[9] During this discussion, the Court observed *inter alia* that Great West even admitted in its Answer [ECF 44] that "MVT tendered its defense of the Parada lawsuit to Great West." *Id.* at 11:23–12:9 (quoting Answer); *see also id.* at 16:22–25 (Great West conceding that it never "moved to amend [its] Answer"—and that it "probably should have done that").

## II. PARTIES' PRIMARY ARGUMENTS

Contrary to what it admitted in its Answer and what the Court found as undisputed on summary judgment, Great West now claims that "the evidence at trial . . . showed that MVT did not request, and did not want a defense from Great West." Mot. [ECF 289] at 3–5. Great West thus suggests that the Court incorrectly concluded on summary judgment that MVT "*tendered* (and never withdrew) the *Parada* lawsuit on October 28, 2013," ECF 100 at 38 (emphasis added). *See* Mot. at 1–5. Instead, Great West maintains that on October 28, 2013, MVT did nothing more than

---

[9] *See also* Tr. Vol III at 18:13–24 (the Court stating that it was "perplexed and befuddled by [Great West's] request, because it's contrary to the way that [the Court] understands the Rules of Civil Procedure. This is just not how we preserve our legal theories, by waiting until trial to raise one in 2022 that we should have raised in 2020. . . . And [although Great West's trial counsel] might well have litigated this case differently from the beginning, [he is] stuck and [the Court is] stuck with the record that has been built.").

4

provide an "informational" notice regarding the *Prada* lawsuit—and that "[t]his fact is fatal to one or more of MVT's claims," including its breach of contract claim. *Id.* at 1–2, 5. Consequently, "Great West requests leave to amend its answer to plead MVT's lack of a request for defense in 2013 with more specificity and to conform with the evidence at trial." *Id.* at 1–2, 5.[10]

In support of this request, Great West argues that (1) Federal Rule of Civil Procedure 15 permits such an amendment in certain instances, such as with the parties' "express or implied consent," and (2) "MVT impliedly consented to try the issue of [whether MVT tendered the *Prada* lawsuit on October 28, 2013]" in light of the testimony of its witnesses and the exhibits it stipulated to. *Id.* at 2–5 (quoting Fed. R. Civ. P. 15(b)(2)).

For its part, MVT contends that it was "entitled to rely on the [Court's] summary judgment ruling and use it as a firm foundation to try the remaining issues at trial." Resp. at 1–6 (MVT asserting that it indeed "relied on the Court's Summary Judgment Order in narrowing the scope of the issues to be litigated" and that "the law supports this as the very purpose and function of a summary judgment motion"). Consequently, "[t]he facts regarding MVT's request for a defense remain settled and immune from dispute." *Id.* at 5. In addition, MVT argues that "Great West's Motion is untimely" and that "[t]his issue should have, and could have been discovered, argued, and litigated before the Court issued its Summary Judgment Order." *Id.* at 5–6, 8. Finally, MVT argues that it did not impliedly consent to try "an issue that the Parties knew the Court had decided as a matter of law years before the trial." *Id.* at 6. Instead, MVT asserts that it put on evidence that was relevant to the remaining issues in the case—and that it "goes without saying that [it]

---

[10] *Compare* ECF 44 (Great West's August 2019 Answer) at ¶ 23 ("admit[ting] that MVT tendered its defense of the Parada Lawsuit to Great West"), *with* ECF 289-1 (Great West's proposed Amended Answer) at ¶ 23 (only "admit[ting] that MVT *provided notice* of the Parada Lawsuit to Great West" (emphasis added)).

would have prepared for trial differently had it known the issues resolved by the Court's Summary Judgment Order remained open issues for trial." *Id.* at 6–7.

### III. DISCUSSION

#### A. The Motion Is Inexcusably Late

"When a party moves to amend its pleading, Rule 15 instructs that '[t]he court should freely give leave when justice so requires.'" *Wopsock v. Natchees*, 279 Fed. Appx. 679, 688 (10th Cir. 2008) (unpublished) (quoting Fed. R. Civ. P. 15(a)(2)) (also noting that "a district court's denial of a motion to amend . . . [is reviewed] for an abuse of discretion"). Nevertheless, "[u]*ntimeliness alone* constitutes a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Id.* at 689 (emphasis added); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (observing that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay" (quotation omitted)).

For example, the Tenth Circuit concluded that a district court did not abuse its discretion in denying a motion to amend when a party (1) "waited *eight months* after filing their first amended [pleading] before seeking permission to amend a second time"; (2) "responded to the defendants' motions for dismissal and summary judgment on the merits and did not file their motion to amend until approximately *four months* after the defendants' motions were filed"; and (3) "never provided an explanation for this delay." *Wopsock*, 279 Fed. Appx. at 688 (emphasis added).

Great West's Motion is inexcusably late. First, the Motion was filed in June 2022—almost three years after Great West filed its operative (August 2019) Answer, almost two-and-a-half years after MVT filed its (February 2020) motion for summary judgment, and over two months after the (April 2022) bench trial on the narrow issues remaining in the case. Second, the Motion provides

6

*no* explanation for Great West's delay in seeking to amend its Answer—let alone an "adequate explanation for the delay." *Minter*, 451 F.3d at 1206. Third, Great West has never explained to the Court's satisfaction why the new liability defense it now offers was not a featured part of its opposition to MVT's summary judgment motion. After all, *all* of the operative facts on which MVT's breach-of-contract claim is based occurred no later than the summer of 2015, some five years before MVT filed its summary judgment motion. Consequently, the Court concludes that "denial of leave to amend is appropriate" based on the untimeliness of Great West's request. *Id.*

### B. The Requested Relief Is Inconsistent with the Court's Summary Judgment Order

The Court made abundantly clear at the pretrial conference that "its summary judgment findings would carry over to the trial and that the parties would not need to re-prove facts that the Court had already found in its summary judgment decision." ECF 268 at 6. In other words—consistent with basic summary judgment principles—the Court was "treating the fact[s] [found in its summary judgment decision] as established in the case." Fed. R. Civ. P. 56(g); *see also* Tr. Vol. III at 8:14–22:5 (the Court emphasizing that "[it] did not reopen in th[e] trial the question of whether Great West owed MVT a duty and whether it breached it"—as "[t]hose issues were closed").

The Court finds that the issue of liability in this case—which the Court found on summary judgment to be in favor of MVT in concluding that Great West Breach its duty to defend—was not somehow "tried by [MVT's] express or implied consent" during the bench trial. Fed. R. Civ. P. 15(b)(2). The Court did not permit either side to try any issue already resolved on summary judgment. The Court further agrees with MVT that its "intent to rely on the Court's summary judgment rulings has been consistently clear" and that it did not implicitly consent to "[retry] an issue that [it] knew the Court had decided as a matter of law [and int MVT's favor] years before

the trial." Resp. at 6. Consequently, Court will not "treat[] . . . as if raised in the pleadings" the asserted issue of whether MVT tendered the *Prada* lawsuit on October 28, 2013. Fed. R. Civ. P. 15(b)(2).

In addition, the Tenth Circuit has explained that "granting leave to amend after entry of summary judgment is disfavored:"

> Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Combs v. PriceWaterhouse Coopers*, 382 F.3d 1196, 1205–06 (10th Cir. 2004) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)); *see also id.* at 1206 ("This wariness is heightened when the losing party seeks the amendment many months after his initial filing, the amendment is not based on new evidence, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of summary judgment."). Thus, the Tenth Circuit specifically disfavors allowing Great West to Amend its answer at this late stage in the litigation.

Furthermore, allowing such an amendment—particularly on the grounds that "MVT impliedly consented to try the issue of [liability, particularly with respect to MVT's tendering of the *Prada* lawsuit]," Mot. at 5—would be not just untimely, but also manifestly inconsistent with what the Court found on summary judgment "as established in the case" and thus highly unfair and prejudicial to MVT. Fed. R. Civ. P. 56(g).[11] Consequently, the Court concludes that denial

---

[11] *See also Tadlock v. Foxx*, 601 Fed. Appx. 595, 598 (10th Cir. 2015) (unpublished) ("With [the Tenth Circuit's] decision affirming the summary judgment ruling, the district court appropriately declined to allow . . . relitigation of [a party's] arguments." (citations omitted)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561–62 (6th Cir. 2013) (observing that "[a]llowing a party to litigate matters that have been . . . resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment"); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001) (seeing "no justification for [a party's] failure to amend at an earlier date, and not[ing] that [the Tench Circuit] do[es]

of the Motion is also appropriate based on the additional ground that Great West seeks to relitigate what the Court had already established would not be relitigated.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Great West's Motion is **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of [liability]" (quotation omitted)).